IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br>Plaintiff,<br>v.<br>SYNCRASY, et al.,<br>Defendants. | Case No. 21-cv-09212-CRB<br><br>**ORDER DISMISSING PLAINTIFF'S STATE-LAW CLAIMS FOR LACK OF SUPPLEMENTAL JURISDICTION** |

Plaintiff Gerardo Hernandez ("Hernandez") filed suit against Defendants Syncrasy and Franklin St. RC Apartments LLC (together, "Defendants") for failure to provide wheelchair-accessible parking and facilities in violation of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and denial of full and equal access to public facilities under California Health and Safety Code § 19955(a). See Compl. (dkt. 1). On October 11, 2022, the Court ordered Hernandez to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim. Order to Show Cause ("OSC") (dkt. 37). Hernandez has since responded and filed a motion for leave to file an amended complaint. See OSC Response (dkt. 40); Mot. for Leave to File Am. Compl. (dkt. 39). For the reasons stated below, and finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court declines to exercise supplemental jurisdiction over Hernandez's state-law claims. Hernandez shall notify the court by **February 3, 2023** whether he intends to move forward with his ADA claim.

I.   BACKGROUND

Hernandez uses a wheelchair for mobility. See Compl. ¶ 8. Hernandez pleads that

he lives less than twenty miles from Defendants' facilities and that he visited on three occasions in July and August 2021 "to purchase lunch." Id. ¶ 10. While there, he alleges that he encountered barriers, including a lack of designated accessible parking, a service counter that was too high for him to communicate with Defendants' staff, and a self-service beverage dispenser that was similarly too high for him to access from his wheelchair. Id. Hernandez then filed this suit against Defendants under the ADA, 42 U.S.C. § 12101, et seq., the Unruh Act, Cal. Civ. Code §§ 51–53, and Cal. Health & Safety Code § 19955(a). Id. ¶¶ 16–46. The parties then commenced litigation subject to General Order 56, which sets procedure for actions asserting ADA claims in the Northern District. See General Order 56. The parties conducted a joint site inspection on February 8, 2022, where Hernandez's "access consultant identified additional conditions which would prevent Plaintiff's full and equal access to the Facility," the subject of Hernandez's motion to amend his complaint. See Joint Case Management Statement (dkt. 35) at 2; Mot. for Leave to File Am. Compl. The parties had an unsuccessful mediation session on September 12, 2022. See dkt. 32.

## II.     LEGAL STANDARD

When a federal court has original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1–A Agric. Ass'n, 387 F.3d 850, 855–56 (9th Cir. 2004) (internal quotation marks and citation omitted).

Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). Under § 1367(c), a district court may "decline supplemental jurisdiction over a claim" if:

>        (1) the claim raises a novel or complex issue of State law, (2) the

claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### III. DISCUSSION

After reviewing Hernandez's response to the Court's order, the Court declines to exercise supplemental jurisdiction over his state-law claims.

Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant[1] asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. See Arroyo v. Rosas, 19 F.4th 1202, 1211–14 (9th Cir. 2021); Vo v. Choi, 49 F.4th 1167, 1171–73 (9th Cir. 2022). Such situations implicate strong federal–state comity concerns because "high-frequency" litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court. See Vo, 49 F.4th at 1171 (citing Arroyo, 19 F.4th at 1212–13). If a court finds that such exceptional circumstances exist, as they do here, it must then show that balance of the "Gibbs values" of comity, fairness, judicial economy, and convenience provides "compelling reasons for declining jurisdiction" in each case. Id. (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

In his response to the Court's order to show cause, Hernandez argues that the Gibbs values require retaining supplemental jurisdiction because (1) "Hernandez has already incurred substantial litigation expenses which are only recoverable under the ADA"; and (2) the "economy, convenience, fairness and comity" factors "favor retaining supplemental

---

[1] Under California law, a high-frequency litigant is defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). Hernandez, who filed 30 ADA cases in this district alone in the year preceding the filing of the operative complaint in this case, would certainly be considered a high-frequency litigant in state court.

3

jurisdiction . . . where a site inspection has already taken place." OSC Response at 4–5.

As to Hernandez's first argument, as a threshold matter, while General Order 56 instructs the parties to conduct a joint site inspection, it specifically does not instruct the parties to retain experts to do so. See General Order 56 ¶ 6 ("This Order does not require any party to engage an expert, including a Certified Access Specialist (CASp)."). Thus, expenses to hire Hernandez's expert were incurred not due to any requirement from this Court or in this District, but based on Hernandez and his counsel's belief that they needed to do so, and their hope that they would be able to recover those fees in this action when all is said and done. See OSC Response at 5. Such an award would be discretionary, not mandatory. See 42 U.S.C. § 12205. Hernandez was also able to evade a significant filing fee required of high-frequency litigants in state court by filing in federal court. See Arroyo, 19 F.4th at 1207 (citing Cal. Gov't Code § 70616.5).[2] Thus, it would seem incongruous if high-frequency litigants were able to dodge state-court filing fees by filing in federal court and hiring an expert that a federal court does not require to conduct their inspection—thus incurring litigation costs that would allow them supplemental jurisdiction to bring those state-law claims in federal court. And in any case, if Hernandez moves forward with his ADA claim in this action, he may still seek litigation expenses and costs here; he just may not do so while simultaneously seeking Unruh damages, which he may seek in state court.

As to Hernandez's second argument, the Court is not convinced that this case is in such a "late stage" that the relevant factors "overwhelmingly favor[] retaining jurisdiction." OSC Response at 5 (quoting Arroyo, 19 F.4th at 1214). The district court in Arroyo did not decide the supplemental jurisdiction question until after it had ruled on the merits of the plaintiff's ADA claim; the Ninth Circuit thus held that the district court had

---

[2] Other litigants have argued that General Order 56 itself functions like California's high-frequency litigant statute. But as this Court and others have previously held, General Order 56 does not "address the particular concerns that motivated the California legislature to adopt heightened pleading standards for 'high-frequency litigants.'" Johnson v. Kuma Kuma LLC, 22-cv-01386, 2022 WL 1741877, at *2 (N.D. Cal. Dec. 5, 2022) (quoting Johnson v. Constantia Cap. Ltd., 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022)).

waited until a "very late stage" of the litigation—too late—to decline supplemental jurisdiction. See Arroyo, 19 F.4th at 1214; see also id. at 1216 ("[I]t is simply too late to undo the now-sunk costs already incurred by litigating this matter to its now-inevitable conclusion."). In Vo, the Ninth Circuit, affirming a district court's decision to decline supplemental jurisdiction in a case where the plaintiff had moved for default judgment, distinguished Arroyo: "The district court here declined supplemental jurisdiction over Vo's Unruh Act claim well before it ruled on the merits of the ADA claim." Vo, 49 F.4th at 1172. So too here: The Court has not ruled on the merits of Hernandez's ADA claim; instead, the parties have complied with General Order 56, which requires a single joint inspection of the facilities at issue, a settlement conference, and a mediation session. General Order 56 at 3–4. The only motion either party has yet filed is a motion for leave to amend the complaint. This is hardly a "very late stage" of the litigation such that Arroyo requires that jurisdiction over Hernandez's state law claims be retained.

In all, concerns of fairness and comity support declining jurisdiction in this case to allow the state of California to properly enforce its rules governing high-frequency litigants. These strong comity concerns outweigh any loss of convenience by requiring Hernandez to refile his state-law claims in state court. And strong judicial economy concerns are not implicated because, as in Vo, the Court has not waited until a "very late stage" of the case to decline supplemental jurisdiction. Vo, 49 F.4th at 1172 (quoting Arroyo, 19 F.4th at 1171). After balancing the Gibbs values in this case, the Court finds that exceptional circumstances exist that justify declining supplemental jurisdiction over Hernandez's state-law claims.

## IV.  CONCLUSION

For the foregoing reasons, Hernandez's state-law claims are dismissed for lack of supplemental jurisdiction. Hernandez shall notify the court by **February 3, 2023** whether he intends to move forward with his ADA claim.

5

1 **IT IS SO ORDERED.**

2 Dated: January 26, 2023



3 CHARLES R. BREYER
United States District Judge