UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SYNCRASY, et al.,<br><br>    Defendants. | Case No. 21-cv-09212-CRB (LJC)<br><br>**ORDER GRANTING DEFENDANT FRANKLIN ST. RC APARTMENTS LLC'S MOTION FOR PROTECTIVE ORDER AND EXTENSION OF TIME**<br><br>Re: Dkt. No. 50 |

Before the Court is Defendant Franklin St. RC Apartments LLC's (Franklin) Motion for a Protective Order and for Limited Extension to Respond to Discovery. Dkt. 50. Plaintiff Gerardo Hernandez opposed the motion, Dkt. 53, and Defendant Syncrasy dba Togo's/Baskin Robbins (Syncrasy) filed a statement of non-opposition to the motion, Dkt. 54. The matter is fully briefed and suitable for decision without oral argument. Civ. L.R. 7-1(b). Having read the parties' submission and carefully considered their arguments and the relevant legal authority, the Court GRANTS Franklin's motion.

I.    **BACKGROUND**

Plaintiff filed this action against Defendants Franklin and Syncrasy, alleging that their inaccessible facilities violated his rights under the Americans with Disabilities Act of 1990, California's Unruh Civil Rights Act, and the Health and Safety Code § 19959. See Dkt. 1 (Compl.) at ¶¶ 17–46. Defendant Franklin moved for a protective order and for an extension of time to produce documents subject to the disputed protective order. Dkt. 50 at 4.[1] Plaintiff opposes what it perceives to be a "broad protective blanket over its entire benign document

---

[1] For ease of reference, the court refers to the ECF PDF pagination unless specified otherwise.

production in this ADA case," on the grounds that Franklin has failed to demonstrate "good cause," as is required under Rule 26(c)(1) of the Federal Rules of Civil Procedure. Dkt. 53 at 2–3. Plaintiff's opposition does not directly address Franklin's request for an extension of time.

Prior to filing its motion, Franklin met and conferred with Plaintiff, seeking to protect the confidentiality of all leasing documents and a document that contained personally identifiable information related to third parties who park in accessible parking stalls at the subject premises. Dkt. 50-1 (Kim Decl.) at ¶ 8; Dkt. 50-3 at 2. Franklin proposed that the parties adopt the Northern District of California's Model Stipulated Protective Order (Model Protective Order). Dkt. 50-3 at 2.[2]

Plaintiff proposed edits to the Model Protective Order limiting the types of information or items that could be designated "CONFIDENTIAL". Dkt. 50-5; Dkt. 50-6 at 3, 5. Plaintiff proposed adding the bolded language to the section defining confidential information or items and to the section setting the scope of protections:

> <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) **expressly limited to information or documents pertaining to leasing agreements.**
>
> . . . .
>
> <u>SCOPE</u> . . . . the protections conferred by this Stipulation and Order do not cover the following information: . . . **and (c) any portion of the Protected Material which pertains solely to agreements relating to accessibility compliance.**

Dkt. 50-6 at 3, 5.

Plaintiff objected that the Model Protective Order can be abusively applied. Dkt. 50-1 at ¶ 8.

## II.     DISCUSSION

To decide Franklin's motion for a protective order, the Court looks to Rule 26(c) of the Federal Rules of Civil Procedure. This rule states, "[t]he court may, for good cause, issue an order

---

[2] Franklin filed a proposed order with the present motion. Dkt. 50-8. This proposed order includes an Exhibit A that contains the provisions set forth in the Northern District of California's Model Stipulated Protective Order. The Model Protective Order is also available at https://www.cand.uscourts.gov/forms/model-protective-orders/.

to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on any of several listed reasons. Fed. R. Civ. P. 26(c)(1); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "Any such order, however, requires that the court's determination identify and discuss the factors it considered in its good cause examination to allow appellate review of the exercise of its discretion." Foltz, 331 F.3d at 1130 (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002)) (internal quotation marks omitted). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Id.

"The Northern District's model protective order is presumptively reasonable." In re Lithium Ion Batteries Antitrust Litig., No. 13-MD-02420-YGR-DMR, 2017 WL 930317, at *3 (N.D. Cal. Mar. 9, 2017). "A party seeking to deviate from the model protective order bears the burden of showing the specific harm and prejudice that will result if its request is not granted." ESC-Toy Ltd. v. Sony Interactive Ent. LLC, No. 21-CV-00778-EMC-DMR, 2022 WL 1714627, at *2 (N.D. Cal. May 27, 2022) (citing Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. C 12-05501 SI, 2013 WL 5663434, at *1 (N.D. Cal. Oct. 17, 2013)) (internal quotation marks and alterations omitted).

Plaintiff argues that a "Model Protective Order is only appropriate in cases where *all* parties acknowledge they will be exchanging 'highly sensitive materials' that require 'special protection from public disclosure.'" Dkt. 53 at 5. Plaintiff contends that Franklin's concerns regarding lease documents and license plates do not justify imposing the Model Protective Order. Id. Plaintiff appears to argue that because this action is a disability discrimination case, rather than a "Silicon Valley high technology case," Franklin is unable to establish good cause for a protective order. Id. at 6.

Plaintiff's arguments are unpersuasive. Franklin has established that discovery in this action likely involves the production of proprietary and confidential information, such that good cause exists for a limited protective order that protects the parties and other persons from annoyance and undue burden. Fed. R. Civ. P. 26(c)(1). Moreover, Plaintiff has not demonstrated

3

any specific harm or prejudice that will result if his proposed modification to the protective order were denied.

First, with respect to the proprietary and confidential information, "[i]t is well-settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review." U.S. E.E.O.C. v. ABM Indus. Inc., No. 1:07-CV-01428 LJOJLT, 2010 WL 785819, at *6 (E.D. Cal. Mar. 4, 2010). Franklin states that the leasing documents reflect rental pricing information and other proprietary business terms relating to, among other things, gross sales from Togo's/Baskin Robbins, a third-party franchise agreement, advertising and remodeling plans for the subject premises, security deposit amounts, and construction deposit amounts. See Dkt. 55 at 4. According to Franklin, disclosure of the leasing documents would prejudice it by harming its competitive standing. Courts have ordered the production of pricing information "subject to a protective order that requires the materials to be held confidential and used only in connection with the instant litigation," U.S. E.E.O.C., 2010 WL 785819, *6. Likewise, the harm to "competitive standing" that is likely when competitors and potential business partners "glimpse into already negotiated agreements," is sufficient to protect such information from public disclosure. Linksmart Wireless Technology, LLC v. Caesars Entm't Corp., No. 2:18-cv-00862-MMD-NJK, 2020 WL 8409313, at *2 (D. Nev. Jul. 29, 2020).

Second, with respect to license plates and parking information, this information also presents good cause for the limited protective order that Franklin seeks. On one hand, license plate numbers are not private, as they are readily visible to the public. On the other hand, these plate numbers are associated with individual registered owners and drivers, and in that respect, they are a species of personally identifiable information. Furthermore, this information will relate to third parties rather than the litigants. As such, good cause exists to protect the privacy of these third parties. See Kelly v. AAA Bowls Unlimited, Inc., No. C04-2214C, 2005 WL 8172480, at *2 (W.D. Wash. Sept. 27, 2005) (recognizing third party privacy interests in license plate numbers).

Plaintiff misapprehends how the Model Protective Order applies. It is not a blanket protection. The order Franklin seeks "does not confer blanket protection on all disclosures or responses to discovery and [] the protection it affords from public disclosure and use extends only

4

to the limited information or items that are entitled to confidential treatment under the applicable legal principles." Dkt. 50-8 at 5, ¶ 1; see also Model Protective Order, ¶ 1. Furthermore, the protective order provides steps for parties seeking to challenge a confidentiality designation.[3] Dkt. 50-8 at 14, ¶ 12.3; see also Model Protective Order, ¶ 12.3. The order does not prohibit Plaintiff from discovering the leasing agreements and license plates information; it only limits the use of that information to this litigation. The protective orders do not "entitle [the parties] to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed." Dkt. 50-8 at 5, ¶ 1; see also Model Protective Order, ¶ 1.

Plaintiff also mistakenly argues that a protective order is only suitable in technology cases, rather than discrimination cases. No such limitation exists in Rule 26(c) of the Federal Rules of Civil Procedures. Indeed, this Court has established Model Protective Orders for patent and other types of litigation.[4]

Due to the proprietary and personal third-party information that Franklin has identified, the specific provisions of the proposed protective order, and gaps in Plaintiff's argument, the Court finds that Franklin has shown good cause for imposing the Model Protective Order. Plaintiff has failed to satisfy his burden to modify the order. Accordingly, the Court GRANTS Franklin's motion for a protective order.

Finally, Franklin's motion also requests a limited extension of the non-expert discovery cut off to produce documents that it seeks to designate as confidential pursuant to the proposed protective order. As noted earlier, Plaintiff does not oppose this request. The Court GRANTS this request.

//

//

//

---

[3] It should also be noted that parties that make clearly unjustified confidentiality designations or frivolous challenges to designations may face sanctions. Dkt. 50-8 at 7, 9-10, ¶¶ 5.1, 6.3; see also Model Protective Order, ¶¶ 5.1 6.3.
[4] See Model Protective Order forms at https://www.cand.uscourts.gov/forms/model-protective-orders/

### III. CONCLUSION

The Court GRANTS Franklin's motion for entry of its proposed protective order, and its request for an extension of time to produce the documents that it seeks to designate as confidential pursuant to the protective order. Dkt. 50. The court approved protective order is attached to this order as Exhibit A. Franklin must produce to Plaintiff the documents within in **seven** days from the date of this order. The hearing scheduled for March 23, 2023 is VACATED.

**IT IS SO ORDERED.**

Dated: March 21, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge