1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

GERARDO HERNANDEZ,                    Case No.  21-cv-09212-CRB

9          Plaintiff,

10                                     **ORDER GRANTING MOTION FOR
        v.                             LEAVE TO FILE FIRST AMENDED
11                                     COMPLAINT**

SYNCRASY, et al.,

12          Defendants.

13          Plaintiff Gerardo Hernandez ("Hernandez"), who uses a wheelchair for mobility,

14   brings this motion for leave to file a first amended complaint.

15          On November 30, 2021, Hernandez filed suit against Defendants Syncrasy and

16   Franklin St. RC Apartments LLC (together, "Defendants") for failure to provide

17   wheelchair-accessible parking and facilities in violation of the Americans with Disabilities

18   Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and denial of full and

19   equal access to public facilities under California Health and Safety Code § 19955(a).  See

20   Compl. (dkt. 1).[1]  On October 11, 2022, the Court ordered Hernandez to show cause why it

21   should not decline to exercise supplemental jurisdiction over his Unruh Act claim.  Order

22   to Show Cause ("OSC") (dkt. 37).  On November 1, 2022, Hernandez responded and filed

23   a motion for leave to file an amended complaint.  See OSC Response (dkt. 40); Mot. for

24   Leave to File Am. Compl. (dkt. 39).  On January 26, 2023, the Court dismissed

25   Hernandez's state-law claims for lack of supplemental jurisdiction.  See Order (dkt. 48).

26

27   ───────────────
[1] Defendant Syncrasy dba Togo's/Baskin Robbins filed a statement of non-opposition to
28   Hernandez's motion for leave to file first amended complaint.  See Statement of Non-Opp'n (dkt.
     42).

United States District Court
Northern District of California

On November 14, 2022, one of the Defendants, Franklin St. RC Apartments LLC ("Franklin St. LLC") opposed the instant motion.  See Opp'n (dkt. 44).  As discussed below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court GRANTS Hernandez's motion for leave to amend.

## I.      BACKGROUND

Hernandez is substantially limited in his ability to walk and uses a wheelchair for mobility.  See Compl. ¶ 8.  Hernandez lives less than twenty miles from Defendants' facilities and that he visited on three occasions in July and August 2021 "to purchase lunch."  Id. ¶ 10.  While there, he alleges that he encountered barriers, including a lack of designated accessible parking, a service counter that was too high for him to communicate with Defendants' staff, and a self-service beverage dispenser that was similarly too high for him to access from his wheelchair.  Id.  Hernandez then filed this suit against Defendants under the ADA, 42 U.S.C. § 12101, et seq., the Unruh Act, Cal. Civ. Code §§ 51–53, and Cal. Health & Safety Code § 19955(a).  Id. ¶¶ 16–46.  The parties then commenced litigation subject to General Order 56, which sets procedure for actions asserting ADA claims in the Northern District.  See General Order 56.  In his proposed amended complaint, Hernandez alleges that he encountered additional barriers, including:

> (a) a lack of designated accessible parking, (b) no implemented policy and/or procedure to prevent vehicles without proper disabled parking identification from packing in or obstructing the designated accessible parking stall and access aisle, (c) no accessible route of travel from the designated accessible parking to the Facility entrance, (d) non-accessible exterior walkway, (e) the Facility lacks a properly configured accessible entrance, (f) a lack of accessible tables in the exterior dining area, (g) a service counter that was too high for Plaintiff to communicate with Defendants' staff, (h) the Baskin-Robbins napkin dispenser and ice cream cone holder are positioned beyond accessible reach ranges, (i) a pedestal-mounted hand sanitizer obstructing the clear floor adjacent to the Baskin-Robbins sales and service counter, and (j) non-accessible self-serve beverage dispenser.

See First Am. Compl. (Dkt. 39-4) ¶ 11.

Franklin St. LLC challenges six of Hernandez's proposed amendments, specifically:

(1) an inaccessible route of travel due to obstruction by a "large potted plant," (2) an inaccessible napkin dispenser and ice cream cone holder, (3) lack of clear floor space adjacent to the Baskin-Robbins' sales and service counter due to obstruction by a "pedestal-mounted hand sanitizer," (4) customer-use items located on the counters "(e.g., tip jar, cookies, etc.)" are positioned beyond accessible reach ranges, (5) new allegations relating to the self-serve beverage dispenser including the "surface on which cups are placed while filling," and (6) inaccessible trash receptacles do not state a claim under the ADA or Unruh Act as a matter of law. Dkt. 39-4 at ¶ 11(c), (g), (h), (i), (j), (l).).

See Opp'n at 4.

## II.    LEGAL STANDARD

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)). However, leave to amend "is not to be granted automatically." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990)).

A court considers five factors to assess whether to grant leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

Franklin St. LLC makes three main arguments: (1) Hernandez has not demonstrated that he has standing to bring his claims; (2) Hernandez's amendment would prejudice Franklin St. LLC;[2] and (3) Hernandez's amendment is futile, because neither self-service items nor temporary, isolated, or trivial barriers are violating the ADA. See Opp'n at 9–

---

[2] Franklin St. LLC does not argue bad faith or undue delay.

3

18.  Because Franklin St.'s first two arguments are without merit,[3] the Court addresses Franklin St. LLC's futility arguments below.

"[Absent an apparent reason], such as . . . futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint."  See Lawman v. City & County of San Francisco, 159 F. Supp. 3d 1130, 1155 (N.D. Cal. 2016) (quoting Foman, 371 U.S. at 182–83).  Franklin St. LLC argues that Hernandez's proposed amendments are futile because "proposed amendments relating to self-service items in the interior of the Facility and temporary or de minimis alleged barriers each fail as a matter of law."  See Opp'n at 4.

### A.    Self-Service Items

Franklin St. LLC cites Jones v. Wild Oats Markets, Inc., No. CV 04-1018-WQH-(WMC), 2005 WL 8173324 (S.D. Cal. Nov. 29, 2005), arguing that Hernandez's alleged "self-service" barriers fail as a matter of law because "the bags and scale in the grocery story were self-service items and therefore outside of the scope of the ADA/Unruh Act." See Opp'n at 6.  Jones is inapposite because the plaintiff there failed to show how "the placement of the produce scales and bags denied [her] full and equal treatment within the Store."  See Jones, 2005 WL 8173324, at *5–6.  Jones did not hold that produce scales and bags, as a matter of law, do not fall within the scope of the ADA.

Other cases to address the issue have held that self-service dispensing items are covered under the ADA.  For example, in Crandall v. Starbucks Corp., the court held "that self-services shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308. 2010 ADAAG Advisory § 904.5.1."  249 F. Supp. 3d

---

[3] Franklin St. LLC's argument that Hernandez does not have standing applies not just to Hernandez's proposed amendments, but to the entire suit; as a result, it is inappropriate for resolution on a motion for leave to amend and may be brought on a motion to dismiss.  Franklin St. LLC's argument that it would be prejudiced by Hernandez's amendment—because Hernandez seeks to add a "myriad of new alleged barriers that were not include in the original complaint," Opp'n at 13—plainly does not amount to "undue prejudice."  See, e.g., Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1158–59 (N.D. Cal. 2010).

1087, 1116 (N.D. Cal. 2017); see also 2010 ADAAG § 904.5.1 (dispensing devices for tableware, dishware, condiments, food, and beverages); Estrada v. Mirlan, 18-cv-1892, 2019 WL 8017736, at *7 (C.D. Cal. Oct. 16, 2019) (concluding that "the reach-range requirements for operable parts apply to the bag, clip, and napkin dispensers at the Store . . . consistent with the many other sections of the ADAAG providing that self-service dispensing devices must comply with reach-range requirements").  These cases do not indicate that self-service items, specifically the items mentioned in opposition, are outside the scope of the ADA as a matter of law.

Thus, the Court grants leave to amend to add these "self-service" barriers.

**B.      Temporary, Isolated, or Trivial Violations**

Franklin St. LLC also argues that Hernandez's proposed allegations relating to the obstruction of the route of travel, such as a "large potted plant" obstructing the El Camino Real exit door and lack of clear floor space due to a "pedestal-mounted hand sanitizer" at most constitute de minimis or moveable occurrences that do not give rise to an ADA claim as a matter of law.  See Opp'n at 10.  However, temporary or movable objects are not, as a matter of law, exempted from the ADA.  Rather, the question is whether, as a matter of fact, a plaintiff experienced "repeated and persistent failures" to maintain accessibility, or, conversely, whether the barrier they experienced was a "truly isolated failur[e] to maintain readily accessible facilities." Chapman v. Pier 1 Imports (U.S.) Inc., 779 F.3d 1001, 1008 (9th Cir. 2015).[4]  Franklin St. LLC has fallen far short of making such a factual showing as to the barriers alleged in Hernandez's proposed amended complaint.

Accordingly, the Court grants leave to amend as to these barriers as well.

_____

[4] It follows, then, that two district courts to have addressed this precise issue—and disagreed with Franklin St. LLC's argument—have decided this question on summary judgment, with the aid of a full record.  Chapman v. Pier 1 Imports (U.S.) Inc., 870 F. Supp. 2d 995, 1006–1010 (E.D. Cal. 2012), aff'd in part, rev'd in part and remanded, 779 F.3d 1001 (9th Cir. 2015); Kalani v. Starbucks Corp., 81 F. Supp. 3d 876 (N.D. Cal. 2015), aff'd sub nom. Kalani v. Starbucks Coffee Co., 698 F. App'x 883 (9th Cir. 2017).

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Hernandez's motion for leave to file an amended complaint.

**IT IS SO ORDERED.**

Dated: March 22, 2023



CHARLES R. BREYER
United States District Judge